STEVEN B. KILLPACK, Utah Federal Defender (#1808)
KRISTEN R. ANGELOS, Assistant Federal Defender (#8314)
**UTAH FEDERAL DEFENDER OFFICE**
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060
**Attorneys for Defendant**

_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HAROLD LYMAN, <br><br> Defendant. | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS <br><br><br> Case No: 2:08 CR 061 DAK |

_____

Defendant, Harold Lyman, by and through his attorney, Kristen R. Angelos, submits this Memorandum in Support of Motion to Dismiss, and respectfully requests that this Court dismiss Count I of the Second Superseding Indictment against Mr. Lyman.

## FACTS

On May 27, 2009, a Superseding Indictment was handed down against the defendant, Mr. Lyman, alleging violations of federal law relating to the theft and sale of government property, specifically, archeological resources. Mr. Lyman has a total of 2 counts. The unlawful sale count stems from 16 U.S.C. § 470ee; the theft count stems from 18 U.S. § 641. Mr. Lyman has entered pleas of not guilty to both counts.

**ARGUMENT**

**COUNT I OF THE SUPERCEDING INDICTMENT SHOULD BE DISMISSED AGAINST MR. LYMAN AS MULTIPLICITOUS.**

The Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST., amend. V. The Fifth Amendment also protects individuals not only from "successive prosecutions, but also [from] successive punishments for the same offense." *Id; United States v. Morris,* 247 F.3d 1080, 1083 (10th Cir. 2001)(citing *United States v. Dixon,* 509 U.S. 688 (1993)). Accordingly, the Tenth Circuit has stated that "multiplicitous sentences violate the Double Jeopardy Clause." *United States v. McCullough,* 457 F.3d 1150, 1162 (10th Cir. 2006). Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior. *Id.* at 1162 (quoting *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997)).

The issue of multiplicity often arises when the defendant is charged with violations of multiple criminal statutes for the same underlying acts or omissions. The test for multiplicity "is whether the individual acts [alleged in the counts at issue] are prohibited, or the course of [conduct] which they constitute." *McCullough*, 457 F.3d 1150 (citing *United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002)). Courts often employ the *Blockburger* test to determine whether counts are unconstitutionally multiplicitous. *United States v. Greene*, 239 Fed.Appx. 431, 436 (10th Cir. 2007)(citing *United States v. Morehead*, 959 F.2d 1489, 1506 (10th Cir. 1992)). The *Blockburger* rule is often known as the "same elements test" and requires courts to determine "whether there are two offenses or only one, [that is] whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Upon finding that an indictment is multiplicitous, a trial court has discretion to dismiss

the multiplicitous counts. *Id*. at 1426; *United States v. Patterson*, 2009 WL 1255448 (D.N.M. 2009).

In *United States v. Manes,* the Court faced a situation similar to that in the instant case, and held that the defendant could not be convicted of both stealing and selling government property when the acts were part of one continuous transaction. 420 F.Supp. 1013 (D. Ore. 1976). In *Manes*, the defendant was charged with several counts, under two statutes, of cutting and stealing timber from government-owned land and then selling that timber. *Id*. Following the Government's presentation of evidence at trial, the defendant moved for dismissal of some or all of the counts, claiming multiplicity, double jeopardy, and abuse of prosecution. *Id.* With regards to two specific counts, the Court held that the defendant could not be convicted of both stealing and converting to his own use timber taken from federal property under 18 U.S.C. § 641, when both counts involved the same actors, the same site, the same timber, and continued to two different days only because the removal could not be physically accomplished in one day. *Id*. at 1019. Accordingly, one of the charges was dismissed as multiplicitous.

Here, Mr. Lyman is charged with Count II which is multiplicitous with Count I. For example, he is charged in Count II with embezzling, stealing, purloining and converting to his own use, and selling a pipe on June 14, 2007. In Count I, he is charged with selling the same pipe on the same date. The conduct covered in Count I (selling a pipe on June 14, 2007) is subsumed in Count II (stealing, embezzling, converting, selling a pipe on June 14, 2007) and is therefore multiplicitous - charging the same conduct in multiple counts. Moreover, under *Blockburger*, the selling counts require no proof of facts which the stealing charges do not, also making the counts multiplicitous. To prove Count I, the Government must prove that the defendant sold a pipe on

3

June 14, 2007. To prove Count II, the Government must use the exact same facts to prove the exact same thing - that he also sold the pipe on June 14, 2007.

Accordingly, Mr. Lyman asks that this Court grant his Motion and dismiss Count I of the Superseding Indictment.

## CONCLUSION

Based on the foregoing, Mr. Lyman respectfully requests that this Court find that Count I of the Superseding Indictment is multiplicitous, and accordingly, dismiss that count against Mr. Lyman,

DATED this 26th day of January, 2010.

/s/ Kristen R.Angelos  
Kristen R.  Angelos  
Assistant Federal Defender

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 26th day of January 2010, I did cause a true and correct copy of the foregoing to be mailed electronically to all parties named below:

Carlie Christensen
First Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, Utah 84111

Richard D. McKelvie
Assistant United States Attorney
185 South State Street, Suite 400
Salt Lake City, Utah 84111

                                       /s/ Allyson Ashment_____
                                       Utah Federal Defender Office